```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JAMES COLE,                        :   CRIMINAL ACTION
                                   :   NO. 91-570-02
          Petitioner,              :
                                   :   CIVIL ACTION
     v.                            :   NO. 14-2987
                                   :
UNITED STATES OF AMERICA,          :
                                   :
          Respondent.              :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                February 13, 2015

Petitioner James Cole ("Petitioner") is a federal prisoner incarcerated at USP-Atlanta in Georgia. Petitioner filed a pro se petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Because Petitioner's motion constitutes a successive motion under § 2255--and Petitioner has not received permission from the Third Circuit Court of Appeals to file it--the Court will deny the motion without an evidentiary hearing.

I.   BACKGROUND

On October 2, 1991, a federal grand jury returned a 32-count indictment charging Petitioner and 25 co-defendants with drug and firearm offenses. As alleged in the indictment, Petitioner was one of the founders and ringleaders of a large-

scale drug organization known as the "JBM" or "Junior Black Mafia," which distributed vast amounts of cocaine in Philadelphia between 1985 and 1991. Petitioner was charged in six counts of the indictment. Upon learning of the charges, Petitioner fled, and he remained a fugitive until his arrest on May 12, 1993.

After a jury trial before Judge Marvin Katz, Petitioner was convicted of conspiring to distribute and to possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846; engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; and four counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

At Petitioner's sentencing hearing, which was held on February 18, 1994, at which the district court sentenced him to life imprisonment. United States v. Cole, 845 F. Supp. 270, 276 (E.D. Pa. 1994). After Petitioner appealed his conviction and sentence, the Third Circuit affirmed the judgment of sentence. United States v. Cole, 47 F.3d 1162 (3d Cir. 1995).

Since then, Petitioner has filed numerous petitions for post-conviction relief. In 1997, he sought relief under 28 U.S.C. § 2255. As a result, the district court vacated the conspiracy conviction on the basis of the Supreme Court's decision in Rutledge v. United States, 517 U.S. 292, 307 (1996),

which held that conspiracy to distribute narcotics is a lesser included offense of a continuing criminal enterprise charge. Nevertheless, this ruling had no impact on his sentence.

All of Petitioner's other requests for relief have been denied. See Cole v. Warden of Allenwood, 215 F. App'x 128, 129-30 (3d Cir. 2007) (affirming the dismissal of Petitioner's 28 U.S.C. § 2241 petition asserting ineffectiveness of trial counsel, and recounting the lengthy history of his other unsuccessful claims). Specifically, between 2001 and 2007, the Third Circuit rejected Petitioner's requests to file successive § 2255 motions on four separate occasions. See id.

Petitioner's present petition is another motion under 28 U.S.C. § 2255. This time he argues, inter alia, that the government did not comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), at his trial 20 years ago. Because Petitioner has not received permission to file this successive § 2255 petition, the Court may not consider this motion and it must be dismissed.

## II.  LEGAL STANDARD

A federal prisoner "claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Such a prisoner may attack his sentence on any of the following

grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law. Id. An evidentiary hearing on the merits of a prisoner's claims is necessary unless it is clear from the record, viewed in the light most favorable to the petitioner, that he is not entitled to relief. § 2255(b).

**III. DISCUSSION**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the filing of second or successive § 2255 petitions. Because Cole filed a previous petition after the effective date of the AEDPA, that Act applies in this case. See United States v. Roberson, 194 F.3d 408, 411 (3d Cir. 1999).

Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Section 2244--to which § 2255(h) refers--requires the petitioner to file a motion in the Court of Appeals seeking leave to file a second or successive petition, and declares that "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." § 2244(b)(3)(B), (C).

Petitioner's latest motion constitutes a successive motion under § 2255.[1] Petitioner has not received the required authorization of the Court of Appeals and, therefore, the Court will dismiss Cole's petition, leaving him free to file the necessary motion in the Court of Appeals.

**IV.   CERTIFICATE OF APPEALABILITY**

When a court issues a final order denying a § 2255 motion, it must also decide whether to issue a certificate of appealability. Such a certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner

---

[1] Petitioner argues that the prior district court's vacating of his conspiracy conviction produced a "new judgment" that is not limited by AEDPA's successive petition requirements. See Pet'r's Reply 1-2 (citing Magwood v. Patterson, 561 U.S. 320 (2010)). However, the claims in his § 2255 motion do not challenge the 1997 judgment, but instead target his original convictions that were not disturbed by the 1997 decision. Accordingly, his argument is unavailing.

5

satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Pabon v. Mahanoy, 654 F.3d 385, 393 (3d Cir. 2011) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)). Here, Petitioner has not made such a showing, as Petitioner's motion constitutes a successive § 2255 motion that he has not received permission from the Court of Appeals to file. The Court therefore declines to issue a certificate of appealability.

## V.   CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motion to vacate, set aside, or correct his sentence. An appropriate order follows.