IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES COLE,                          :      CRIMINAL ACTION
                                     :      NO. 91-570-02
          Petitioner,               :
                                     :      CIVIL ACTION
     v.                              :      NO. 14-2987
                                     :
UNITED STATES OF AMERICA,            :
                                     :
          Respondent.               :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          August 26, 2015

          Defendant James Cole ("Cole") is a federal prisoner

incarcerated at USP-Atlanta in Georgia. Though he was sentenced

almost a quarter of a century ago, Cole continues to challenge

his sentence. Since filing his pro se petition under 28 U.S.C.

§ 2255 to vacate, set aside, or correct his sentence--which the

Court recently denied--Cole has filed a raft of additional

requests[1] and motions. Because Cole's motions are all either

meritless or constitute successive motions under § 2255--and

Cole has not received permission from the Third Circuit Court of

Appeals to file them--the Court will deny the motions.

---

[1]          Although a few of Cole's filings are titled
"requests," the Court will construe them as motions, and will
thus refer to them as such.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On October 2, 1991, a federal grand jury returned a 32-count indictment charging Cole and 25 codefendants with drug and firearm offenses. As alleged in the indictment, Cole was one of the founders and ringleaders of a large-scale drug organization known as the "JBM" or "Junior Black Mafia," which distributed vast amounts of cocaine in Philadelphia between 1985 and 1991. Cole was charged in six counts of the indictment. When he learned of the charges he fled, and remained a fugitive until his arrest on May 12, 1993.

After a jury trial before the Honorable Marvin Katz, Cole was convicted of conspiring to distribute and to possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846; engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; and four counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

Cole's sentencing hearing was held on February 18, 1994, at which the district court sentencing him to life imprisonment. United States v. Cole, 845 F. Supp. 270 (E.D. Pa. 1994) ("Cole I"). After Cole appealed his conviction and sentence, the Third Circuit affirmed the judgment of sentence. United States v. Cole, 47 F.3d 1162 (3d Cir. 1995).

Since then, Cole has filed numerous petitions for post-conviction relief. In 1997, he sought relief under 28 U.S.C. § 2255. As a result, the district court vacated the conspiracy conviction on the basis of the Supreme Court's decision in Rutledge v. United States, 517 U.S. 292, 307 (1996), which held that conspiracy to distribute narcotics is a lesser included offense of a continuing criminal enterprise charge. Nevertheless, this ruling had no impact on his sentence.

All of Cole's other requests for relief have been denied. See Cole v. Warden of Allenwood, 215 F. App'x 128, 129-30 (3d Cir. 2007) (affirming the dismissal of Cole's 28 U.S.C. § 2241 petition asserting ineffectiveness of trial counsel, and recounting the lengthy history of his other unsuccessful claims). Specifically, between 2001 and 2007 the Third Circuit has rejected Cole's requests to file successive § 2255 motions on four separate occasions. See id.

On February 13, 2015, this Court denied another § 2255 motion filed by Cole as a successive § 2255 motion filed without permission from the Third Circuit. Cole v. United States, No. 14-2987, 2015 WL 641259, at *1 (E.D. Pa. Feb. 13, 2015) ("Cole II").

On April 6, 2015, the Court entered a Scheduling Order (ECF No. 540) that directed the Government to respond to the following motions that Cole filed subsequent to his § 2255

3

motion, and that remain outstanding:

1. Motion to Strike (ECF No. 498);
2. Motion to Add Claim of Actual Innocence (ECF No. 505);
3. Motion Pursuant to Independent Action Rule 60(d) (ECF No. 506);
4. Motion to Reopen Docket Nos. 360, 366, 470, and 482 (ECF No. 511);
5. Motion to Supplement the Record (ECF No. 514).

On April 8, 2015, the Government filed a combined response to the above-listed motions, as well as to the following motions:

6. Request for Admissions (ECF No. 516); and
7. First Amended and Supplemental Initial Disclosures Rule 26(e)(1) (ECF No. 517).

Since the Government filed its response, Cole filed the following additional motions:

8. Motion for Extension of Time to File Reply to Government Response (ECF No. 543);
9. Request for Admissions (ECF No. 544);
10. Motion for Summary Judgment (ECF No. 546);
11. Motion for Expedited Consideration of the § 3582(c)(2) Motion (ECF No. 551); and
12. Motion to Correct an Otherwise Illegal Sentence (ECF No. 556).

These motions are all ripe for disposition.


## II. MOTION FILED PURSUANT TO 18 U.S.C. § 3582(C)(2)

### A. Background

In 2010, Cole filed a motion to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2), in light of retroactive Amendment 505--which reduced the maximum drug offense level under § 2D1.1 from 42 to 38. ECF No. 360.

However, before this Court ruled on the motion, Cole

filed a statement on September 13, 2010, indicating that he
wished to withdraw the motion if the Court did not appoint him
counsel. ECF No. 364. Accordingly, on October 6, 2010, the Court
denied Cole's request for the appointment of counsel and denied
his § 3582(c)(2) motion without prejudice. ECF No. 368. Although
the Court did not reach the merits of the motion, it did state
that "[b]ased upon a review of Defendant's motion ([ECF No.]
360) and the Government's response ([ECF No.] 366), Defendant's
motion appears to have no merit." ECF No. 368.

On December 5, 2013, more than three years later, Cole
filed a motion "to reopen" his § 3582(c)(2) motion from 2010.
ECF No. 470. On May 19, 2014, however, Cole again requested to
withdraw the motion, citing the Court's apparent inaction and
stating that he planned to supplement it in the future. ECF No.
489. Before the Court ruled on this request, on June 6, 2014,
Cole filed a motion to disregard the withdrawal request,
indicating that he planned to file an additional motion
regarding Amendment 505. ECF No. 493. Also on June 6, 2014, Cole
filed a motion to strike both the Government's initial response
to his § 3582(c)(2) motion (ECF No. 366) as well as a supplement
Cole had filed to his motion (ECF No. 371). ECF No. 494.

In an order dated June 11, 2014, the Court construed
these filings together to indicate his desire to voluntarily
withdraw the § 3582(c)(2) motion and denied them without

5

prejudice. ECF No. 496. Cole then filed the two motions that are currently before the Court on this subject: a motion to Strike filed June 20, 2014, ECF No. 498, and a motion to reopen ECF Nos. 360, 366, 470, 482, filed July 21, 2014, ECF No. 511.

Before this Court adjudicated these motions, on February 25, 2015, Cole petitioned the Third Circuit for a writ of mandamus directing this Court to rule on them. In re Cole, No. 15-1518, 2015 WL 1500550, at *1 (3d Cir. Apr. 3, 2015). The Third Circuit denied the petition, holding that an eight-month delay in addressing Cole's motion did not suggest failure to exercise jurisdiction that warranted mandamus relief. Id. at *2.

As noted above, the Government responded to the two above-listed motions. ECF No. 541. On May 12, 2015, Cole filed a motion for expedited consideration of the § 3582(c)(2) motion, alleging that the action will be unavailing unless the motion is adjudicated almost immediately. ECF. No. 551.

B.   Discussion

Because Cole's guideline range is the same now as it was at the original sentencing, Cole is not entitled to relief pursuant to a retroactive guideline amendment--and thus his pending motions pursuant to § 3582(c)(2) (ECF Nos. 498, 511) will be denied on the merits.

At his sentencing hearing, this Court made detailed findings regarding the guideline calculation for Cole's

6

convictions. Cole I, 845 F. Supp. at 275-76. Particularly, the Court determined that it was immaterial whether Cole's offense level was calculated with the operative offense as the conspiracy conviction or the continuing criminal enterprise ("CCE") conviction because each one produced a total offense level of forty-six. Id.

With respect to the conspiracy conviction, the Court calculated that Cole was accountable for not less than 852 kilograms of cocaine, resulting in a base offense level of forty pursuant to the Drug Quantity Table outlined in § 2D1.1(c). Id. Next, this Court enhanced the base offense level by two for possession of a firearm under § 2D1.1(b)(1), yielding an offense level of forty-two under § 2D1.1. Id. The Court further added four levels pursuant to U.S.S.G. § 3B1.1, because Cole was an organizer or leader of a criminal activity that involved five or more participants, or was otherwise extensive--resulting in a total offense level of forty-six. Id.

As to the CCE conviction, the Court calculated the offense level under § 2D1.5, the applicable guideline for CCE offenses. That section mandates that the base offense level is the greater of: (1) 4 plus the offense level from § 2D1.1 applicable to the underlying offense, or (2) 38. U.S.S.G. § 2D1.5. Then, after adding four levels to Cole's § 2D1.1 offense level of forty-two, the Court found that Cole's offense

7

level was also forty-six under § 2D1.5. 845 F. Supp. at 275-76.

With an offense level of forty-six under either calculation and a criminal history category III, Cole was subject to life imprisonment under the then-mandatory guidelines, and the Court imposed that sentence. Id. at 276.

Since Cole's sentencing, there have been two retroactive reductions to § 2D1.1 as applied to cocaine: Amendment 505, which Cole raised in his original § 3582(c)(2) motion, and Amendment 782, which is effective November 1, 2015 for retroactive application. Previously, as noted above, Cole's offense level on the drug quantity table was forty for at least 500 but less than 1,500 kilograms of cocaine. U.S.S.G. § 2D1.1(c). Pursuant to the current sentencing guidelines, however, the amount of cocaine found by the Court yields a lower base offense level of thirty-eight. As noted above, this number must be increased by two because of Cole's possession of a firearm, resulting in a modified § 2D1.1 offense level of forty. U.S.S.G. § 2D1.1(b)(1).

Given this Court's dismissal of the conspiracy conviction as a lesser included offense of the CCE conviction, the applicable sentencing range is controlled by § 2D1.5, the CCE guideline. Currently, § 2D1.5 yields an offense level for Cole of forty-four, which is calculated by adding the § 2D1.1

modified offense level, here forty, and enhancing that number by four. See U.S.S.G. § 2D1.5(a)(1).

Despite the fact that Cole's offense level of forty-four is two levels below that applied at his original sentencing, this reduced offense level still mandates the same guideline sentencing range of life imprisonment. See U.S.S.G. Ch. 5, Pt. A. Therefore, Cole's request must fail because a decrease in offense level that does not disturb the applicable sentencing range is not sufficient to permit a sentence reduction.

Indeed, as a general matter, Congress has prohibited district courts from modifying terms of imprisonment once they have been imposed. United States v. Savani, 733 F.3d 56, 60 (3d Cir. 2013). A limited exception to this rule is provided by § 3582(c)(2), which mandates:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Supreme Court in Dillon v. United States 560 U.S. 826 (2010), held that a district court may only award a motion for reduction of sentence under § 3582(c)(2) where it is consistent with the directives of U.S.S.G. § 1B1.10.

See id. at 826. That section specifies that a court may not reduce a defendant's sentence based on a retroactive amendment to the guidelines where the amendment "does not have the effect of lowering the defendant's applicable guideline range." See U.S.S.G. § 1B1.10(a)(2)(B).

Accordingly, a change in offense level that does not result in a modification of the applicable sentencing range is not sufficient to permit a sentencing reduction. See, e.g., United States v. Reaves, No. 91-00570-09, 2014 WL 2915892, at *2 (E.D. Pa. June 27, 2014) (Robreno, J.) (holding that Amendment 505, which lowered the defendant's total offense level from 45 to 43, was insufficient by itself to modify his sentence under § 3582(c)(2) because the defendant's guideline range would still be life imprisonment). Thus, the amendments to the sentencing guidelines that decrease Cole's total offense level--but not the applicable sentencing range--do not entitle Cole to relief.[2,3]

---

[2]      In his filings, Cole does dispute this guideline range calculation. Instead, Cole proffers his post-sentencing conduct and alleged disparities in sentencing as reasons that the factors listed in 18 U.S.C. § 3553(a) weigh in his favor. Def.'s Mot. to Reopen 1-2, ECF No. 511; Def.'s Mot. Pursuant to Amendment 505 4-5, ECF No. 360. However, these arguments are not sufficient to satisfy the requirements of § 3582(c)(2). Indeed, the Supreme Court has stated that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the modif[ication of] a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specified by the Commission." Dillon, 560 U.S. at 825 (alteration in original) (internal quotation marks omitted). In particular, the Court emphasized

that this section "applies only to a limited class of prisoners--namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission." Id. at 825-26.

Here, Cole cannot establish that he is eligible for a sentence reduction pursuant to § 3582(c)(2) because, as outlined in detail above, he is not within the "limited class" whose sentencing range has been disturbed by later amendments. Here, Cole's efforts to satisfy the factors outlined in § 3553(a) fail given that the Court need not reach this step in the analysis: "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Id. at 826; see also United States v. Love, 2013 WL 300743, at *3 (E.D. Pa. Jan. 24, 2013) ("Because [defendant] does not qualify for a sentence reduction under § 3582(c)(2), this Court has no authority to reduce his sentence based on [the § 3553(a)] factors.").

[3]       Cole also contends that he is entitled to a sentence reduction because the Court did not directly specify whether it was imposing a life sentence on the conspiracy or CCE conviction. Particularly, he states that the rule of lenity mandates he be sentenced without the CCE enhancement because the conspiracy conviction was dismissed and "there is no way of telling what theory Judge Katz used in sentencing [Cole] on the C.C.E. [charge]." Def.'s Mot. Pursuant to Amendment 505 3, 6-7, ECF No. 360; Def.'s Mot. to Reopen § 3852(c)(2) Mot. 2-3, ECF No. 470; Def.'s Reply to Gov't's § 3582(c)(2) Resp. 2-4, ECF No. 482.

Cole's position, however, is of no merit. A jury convicted Cole of the CCE charge, and the Court duly imposed a sentence on that charge. Contrary to Cole's contention that the Court was unclear at sentencing, the Court merely posited two alternative methods for reaching the conclusion that Cole's total offense level was forty-six and that it therefore would impose the then-mandatory life sentence. Cole I, 845 F. Supp. at 275-76. Indeed, as noted above, the Court directly stated that either conviction working as the operative offense would yield exactly same sentencing result. Id. ("[I]t is immaterial whether the total offense level for [the six counts in question are] calculated with reference to the conspiracy conviction or the CCE conviction."). Today, given that the conspiracy charge is now dismissed, the guideline range for the CCE charge controls and, as outlined above, has not changed since Cole's sentencing.

Because Cole is not entitled to a post-conviction sentence reduction pursuant to § 3582(c)(2), these motions (ECF Nos. 498, 511) will be denied.[4],[5]

## III. NEW CHALLENGES TO COLE'S CONVICTION

Also before the Court are several additional filings which seek to challenge Cole's conviction. These motions all relate to an effort to vacate Cole's conviction pursuant to 28 U.S.C. § 2255 and should be denied because Cole has not received permission from the Third Circuit to file a successive § 2255 motion.

A.   Legal Standard

A federal prisoner "claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Such a prisoner may attack his sentence on any of the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence

---

[4]    Additionally, Cole's motion requesting expedited consideration of these motions (ECF No. 551) will be denied as moot.

[5]    Most recently, on June 19, 2015, Cole filed a motion "to Correct an Otherwise Illegal Sentence," in which he requests that the Court correct his "illegal life sentence" on the conspiracy count of the indictment. ECF No. 556. This motion will be denied, as it is both meritless and moot--given that the CCE conviction, of itself, supports his life sentence.

was in excess of the maximum authorized by law. Id. An

evidentiary hearing on the merits of a prisoner's claims is

necessary unless it is clear from the record, viewed in the

light most favorable to the petitioner, that he is not entitled

to relief. § 2255(b).

> The Anti-Terrorism and Effective Death Penalty Act of

1996 limits the filing of second or successive § 2255 petitions.

Section 2255(h) provides:

> A second or successive motion must be certified as
> provided in section 2244 by a panel of the appropriate
> court of appeals to contain
>
>> (1) newly discovered evidence that, if proven and
>> viewed in light of the evidence as a whole, would
>> be sufficient to establish by clear and
>> convincing evidence that no reasonable factfinder
>> would have found the movant guilty of the
>> offense; or
>>
>> (2) a new rule of constitutional law, made
>> retroactive to cases on collateral review by the
>> Supreme Court, that was previously unavailable.

Section 2244--to which § 2255(h) refers--requires the petitioner

to file a motion in the Court of Appeals seeking leave to file a

second or successive petition, and declares that "[t]he court of

appeals may authorize the filing of a second or successive

application only if it determines that the application makes a

prima facie showing that the application satisfies the

requirements of this subsection." § 2244(b)(3)(B), (C).

> Where a criminal defendant has filed a second or

successive § 2255 petition that has not been certified by the
Court of Appeals, the district court must deny that petition for
lack of subject matter jurisdiction. See In re Pendleton, 732
F.3d 280, 283 (3d Cir. 2013); see also Goldblum v. Klem, 510
F.3d 204, 217 (3d Cir. 2007) ("[U]nless both the procedural and
substantive requirements of § 2244 are met, the District Court
lacks the authority to consider the merits of [a successive]
petition.") (citing Benchoff v. Colleran, 404 F.3d 812, 816 (3d
Cir. 2005)).

    B.  Discussion

        Each of Cole's remaining motions relate to an effort
to vacate his conviction under § 2255. As with the previous
§ 2255 motion filed by Cole, which was denied by this Court for
lack of Third Circuit authorization, see Cole II, No. 14-2987,
2015 WL 641259, at *1, Cole's latest set of motions will be
denied for the same reason. The Court will treat each in turn.

       1.  Motion to Add Claim of Actual Innocence

        Of the remaining motions before the Court, the first
is Cole's motion to add a claim of actual innocence. In this
motion, Cole states that he seeks to add evidence of "actual
innocence" in support of "Case As 14-cv-2987." This case number,
however, refers to his § 2255 motion that this Court previously
denied. See id. at *1-3. This new motion merely restates his
claims of innocence and covers virtually the same territory as

14

his previous § 2255 motion. Moreover, because the § 2255 motion was denied by the Court, this motion seeking to add further information to the denied motion must fail, and will be denied.[6]

　　2.　Motion Pursuant to Independent Action Rule 60(d)

Cole also filed a Rule 60(d) motion, asserting that the Supreme Court's case Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944) and its progeny mandate that this Court's denial of his first § 2255 motion in 1997 should be set aside or found void. He contends that the Government fraudulently misrepresented the facts in its response to Cole's initial § 2255 motion by citing perjurious testimony taken at Cole's trial. Def.'s Rule 60(d) Br. 4, 7, ECF No. 506. He further contends that the Court did not adequately consider his arguments when it denied his first § 2255 motion. Id. Moreover,

---

[6]　　In his reply, Cole requests that his motion be construed liberally pursuant to the deference given to pro se litigants and analogizes to United States v. Williams, 16 F. Supp. 3d 1301 (N.D. Okla. 2014), a case from the Northern District of Oklahoma. Def.'s Reply to Gov't's Resp. to Mot. Add Claim 2, ECF No. 542. In that case, the district court vacated defendant's judgment and sentence and dismissed the indictments after determining that defendant's convictions were obtained by means of deliberate fraud on the court. Williams, 16 F. Supp. 3d at 1307, 1315-16. This case, however, is of no help to Cole, as the Tenth Circuit recently reversed and remanded that decision, holding that the defendant's motion was a successive § 2255 motion without the required certification necessary for the district court to have jurisdiction. United States v. Williams, No. 14-5070, 2015 WL 3857270, at *4 (10th Cir. June 23, 2015). Cole, too, has not received the proper authorization required for this Court to adjudicate the present motion.

according to Cole, the Government committed a "larger fraud" by coercing a witness to testify against him at his trial and failing to investigate various inconsistencies in his case. <u>Id.</u> at 4-6.

As pointed out by the Government, however, this filing "simply presents a regurgitation of Cole's factual defense," and is "woefully late"--given that, almost twenty years ago, the Third Circuit denied Cole's request for a certificate of appealability regarding his first § 2255 motion, <u>see</u> <u>Cole v. United States</u>, No. 97-1619 (3d Cir. Dec. 24, 1997), and the Supreme Court denied certiorari, <u>see</u> <u>Cole v. United States</u>, 524 U.S. 921 (1998).

In his reply, Cole asserts that the Government's argument that his motion is untimely is inapplicable to a motion made pursuant to Rule 60(d).[7] Def.'s Rule 60(d) Reply 2, ECF No. 545. On that topic, Cole "request[s] this is be [sic] an appealable separate issue because no appealability is required in an Independent Action and/or Fraud on the Court which is clearly civil in Matter." <u>Id.</u> at 3. While Cole is correct that there is no time deadline for bringing a fraud on the court

---

[7]    Along with his reply motion, Cole filed a motion for summary judgment, which further alleges the Government perpetrated a fraud against the Court in his case. ECF No. 546. As with Cole's Rule 60(d) motion, this motion will be dismissed as a successive § 2255 petition that cannot be filed without permission from the Third Circuit.

claim, see Hazel-Atlas, 322 U.S. at 244, this filing is the functional equivalent of an additional § 2255 motion and, as such, is prohibited by the restrictions on successive habeas petitions.

Indeed, the Third Circuit has declared that "when [a] Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004); see, e.g., United States v. Bush, 457 F. App'x 94, 96 (3d Cir. 2012) (holding that the defendant's Hazel-Atlas motion alleging that his trial was polluted with fraud and conspiracy was a "clear attack on his original conviction" and therefore must proceed under § 2255).

Here, Cole does not challenge the procedures surrounding the disposition of his initial habeas petition, but rather challenges the circumstances underlying his conviction by citing alleged perjurious testimony at his trial as well as proffering supposed factual inconsistencies in the trial record. Accordingly, this motion will be denied as a successive § 2255 petition that cannot be brought without prior approval of the Court of Appeals.[8]

---

[8]     Moreover, even if the Court reached the merits of Cole's Rule 60(d) motion, Cole's allegations of fraud do not meet the demanding standard applicable to accusations of fraud on the court. The Third Circuit has emphasized that "a

### 3.    Pro Se Motion to Supplement the Record

Additionally, Cole filed a motion to file supplemental authority regarding the Rule 60(d) motion discussed above. ECF No. 514. However, Cole makes this one-page request without outlining what this supplemental authority would be. Given that Cole's Rule 60(d) motion will be denied, this motion will be denied along with it.

### 4.    Requests for Admissions

On August 4, 2014, and again on April 24, 2015, Cole filed (identical) requests for admissions, which request that the Government admit various factual allegations proffered by Cole in his § 2255 motions. ECF Nos. 516, 544.[9] Because these

---

determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself, and . . . it must be supported by clear, unequivocal and convincing evidence." *Herring v. United States,* 424 F.3d 384, 386–87 (citation omitted). Perjury by a witness is not enough to constitute fraud on the Court. Id. at 390. Here, Cole has not demonstrated by "clear, unequivocal and convincing evidence" that the Government fabricated evidence or committed fraud on the court by coercing a witness to lie on the stand about him. At most, the alleged inconsistencies in the record that he proffers might impugn the credibility of the witness who testified against him.

[9]       For example, Cole requests that the Government admit: "DEA/gov't witness Dwight Sutton lied, when Sutton testified and/or was coerced by Prosecutor Burroughs, to testify that Sutton and Patterson met Coles somewhere in West Philly and received a bag containing heroin, and the reason no report was generated by Agent Haynes, because that was false and Coles never delivered heroin to anyone, during the conspiracy?" Def.'s Req. for Admiss. ¶ 4, ECF No. 516.

motions are essentially requests for discovery in relation to his § 2255 motion that has since been denied, the motions will be denied.

> 5. <u>First Amended and Supplemental Initial</u>
> <u>Disclosures Rule 26(e)(1)</u>

Also on August 4, 2014, Cole filed a motion titled "First Amended and Supplemental Initial Disclosures Rule 26(e)(1)," which requests that the Government provide "the complete detailed 'Prosecution Memorandum and Proposed Indictment' for Movant can [sic] make out his defense and or hold an In camera hearing with Appointment of Counsel." ECF No. 517. Because this motion, like the one described above, is fundamentally a discovery request regarding both Cole's 60(d) Motion and § 2255 motion, it will be denied.

> 6. <u>Motion for Extension of Time</u>

In addition, on April 20, 2015, Cole filed a motion for extension of time to file reply to the Government's response to his motions. ECF No. 543. Given that Plaintiff has been afforded even more time to respond than the thirty days requested in the motion--and given that all of his outstanding motions will be denied as meritless and/or improperly filed-- this motion will be denied as moot.

19

**IV.   CONCLUSION**

       For the foregoing reasons, the Court will deny each of Cole's outstanding motions. An appropriate order follows.