```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :   CRIMINAL ACTION
                              :   No. 91-570-02
                              :
     v.                       :
                              :
                              :
JAMES COLE                    :
                              :
```

## **M E M O R A N D U M**

**EDUARDO C. ROBRENO, J.**                    **September 19, 2022**

### I.    INTRODUCTION

Defendant James Cole brings a pro se motion to reduce his sentence under 18 U.S.C. § 3582. Defendant argues that his sentence should be reduced because Amendment 782 to the Sentencing Guidelines reduced the base level for this charged offense, his conspiracy charge was vacated, reducing his sentencing range, he did not possess the amount of cocaine that was calculated at sentencing, and he has fully rehabilitated in prison. See Def.'s Mot. 6, 10, ECF No. 703. The Government has responded, arguing that Defendant is not entitled to a reduction in sentence because the Court must use the findings of fact made at Defendant's original sentencing--meaning the later vacatur of the conspiracy charge and any challenge to the amount of cocaine Defendant actually possessed cannot be considered under § 3582.

1

Gov't Resp. 6-10, ECF No. 706. The Court agrees with the Government that Defendant's motion should be denied as he does not meet the requirements for a reduction in sentence under 18 U.S.C. § 3582(c).

## II. BACKGROUND

Defendant James Cole and numerous others were charged in 1991 with conspiracy to distribute more than five kilograms of cocaine and heroin, engage in a continuing criminal enterprise ("CCE"), and possession with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 848, and 841(a)(1), respectively. Defendant played a founding and continuing leadership role in the Junior Black Mafia, which both distributed large amounts of narcotics and engaged in acts of violence in the Philadelphia area.

Defendant appealed his conviction and sentence, which were affirmed by the Third Circuit. Defendant filed numerous motions for post-conviction relief, one of which was successful, and none of which affected Defendant's sentence. See Paper Copy of Pre-2008 Docket at 16, ECF No. 249 (showing ECF No. 137, a July 7, 1997 order granting Defendant's motion under 28 U.S.C. § 2255 to vacate his conspiracy conviction, but noting that all other convictions and penalties remained intact); see also Gov't Resp. 4-5. Defendant has also previously filed motions to reduce his

sentence under 18 U.S.C. § 3582(c)(2) and § 3582(c)(1)(A)(i). All of Defendant's prior motions to reduce his sentence have been denied.

**III. LEGAL STANDARD**

Under § 3582(c)(2), the Court is empowered to modify a term of imprisonment once it has been imposed if (a) the defendant was sentenced pursuant to a sentencing range created by the Sentencing Commission; (b) the Sentencing Commission has subsequently lowered the range; (c) a reduction in sentence is consistent with applicable policy statements issued by the Sentencing Commission, and (d) the § 3553(a) factors support a reduction in sentence. 18 U.S.C. § 3582(c)(2). Section 3553(a) provides that the court is to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed [in light of the seriousness of the offense, the need for deterrence, protecting the public, and rehabilitating the defendant];
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [similar offenses under the Guidelines] . . . ;
> (5) any pertinent policy statement . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The Court is directed to "determine the amended guideline range that would have been applicable to the

defendant if the amendment[] . . . had been in effect at the time the defendant was sentenced. . . . [T]he court shall substitute only the amendment[] . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (2021) [hereinafter "U.S.S.G."]. If, after applying the amended guideline range to the initial sentencing determination, the amendment "does not have the effect of lowering the defendant's applicable guideline range," then "a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." Id. § 1B1.10(a)(2)(B).

Certain Guidelines amendments are made retroactive to "isolate whatever marginal effect the since-rejected Guideline had on the defendant's sentence." Freeman v. United States, 564 U.S. 522, 530 (2011). Thus, a proceeding under § 3582(c) is not a sentencing or resentencing proceeding; rather, "Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon v. United States, 560 U.S. 817, 825-26 (2010). So, although § 3582(c) directs the Court to consider the § 3553(a) factors in determining whether a sentence reduction is proper,

4

§ 3553(a) does not broaden the narrow scope of the Sentencing Commission's policy statements. Id. at 826.

In evaluating a defendant's motion for a reduction in sentence under § 3582(c), the Court follows the two-step framework laid out in Dillon. First, the Court must determine whether the defendant is eligible for a reduction in sentence, following the Sentencing Commission's instructions in § 1B1.10. Dillon, 560 U.S. at 826. Second, if the Court finds that the defendant is eligible for a reduction, the Court is then to assess the § 3553(a) factors and decide whether they support a reduction in sentence. Id.

**IV.  DISCUSSION**

The parties do not dispute that Defendant was sentenced pursuant to the Guidelines or that there has been an Amendment that affects Defendant's base offense level. But, Defendant has failed to demonstrate that the application of the Amendment would cause a reduction in his sentencing range. Accordingly, the Court has no power to reduce Defendant's sentence under 18 U.S.C. § 3582(c)(2).

Defendant argues that his sentence should be reduced on the grounds that (1) Amendment 782 lowers his base offense range; (2) the original determination of the amount of cocaine possessed was erroneous, and the correct amount under Amendment

782 would further reduce base offense level; and (3) the 2015 vacatur of his conspiracy charge warrants a sentence reduction.

First, Defendant's argument fails at the first step of the Dillon analysis because Amendment 782 does not lower his guideline range. At his sentencing, Defendant was found responsible for not less than 852 kilograms of cocaine. United States v. Cole, 845 F. Supp. 270 (E.D. Pa. 1994). Section 2D1.1 of the Guidelines, which governs Defendant's offense, provides for a base level of 38 for the unlawful trafficking of at least 450 kilograms of cocaine. U.S.S.G. § 2D1.1(c)(1). This offense level is two points lower than what was imposed during Defendant's original sentencing. See U.S.S.G. § 2D1.1(c)(2) (1994); Cole, 845 F. Supp. at 275-76. Yet, Defendant's sentencing range remains at life, given his criminal history category of III, the two-level enhancement for the possession of a firearm, U.S.S.G. § 2D1.1(b)(1), and the four-level enhancement for taking a leadership position in a CCE, U.S.S.G. § 3B1.1(a). See Sentencing Table, U.S.S.G. ch. 5, pt. A; see also Cole, 845 F. Supp. at 275-76 (describing the bases for the original sentencing calculation). The overall reduction of two offense levels (from 46 to 44) has no effect on the sentencing range, as any offense level at or above 43 provides for a life sentence. See Comment. to Sent'g Tbl. ¶ 2 ("An offense level of more than 43 is to be treated as an offense level of 43.").

Second, although Defendant urges the Court to reconsider the amount of cocaine that was in his possession when deciding his motion for a reduction in sentence under § 3582(c), Def's Mot. 8, the scope of a § 3582(c) proceeding is narrow. U.S.S.G. § 1B1.10(b)(1); Dillon, 560 U.S. at 825-26. The Court is only to reapply the amended guideline provision, not re-evaluate the factual basis for his sentence. See, e.g., United States v. Ortiz-Vega, 744 F.3d 869, 873 (3d Cir. 2014) ("[P]rior sentencing errors cannot be modified in a § 3582(c)(2) proceeding."); United States v. Scott, 811 F. App'x 717, 719 (3d Cir. 2020) (finding that a Defendant's challenges to "the type and quantity of drugs attributed to him at sentencing" were outside the scope of a § 3582(c)(2) proceeding).

Third, Defendant's contention that the 2015 vacatur of his conspiracy charge affects his offense level also fails. At Cole's sentencing hearing, the court specifically noted that "it is immaterial whether the total offense level for the Group is calculated with reference to the conspiracy conviction or the CCE conviction." Cole, 845 F. Supp. at 275. Because both calculations--under a conviction for conspiracy CCE--included the same components of a base level offense under the Sentencing Guidelines plus enhancements for Cole's use of a firearm and leadership position in the CCE, the district court opted to "[u]s[e] the CCE conviction as the operative offense." Id.

7

Defendant's argument that his sentence should be reduced on the basis of the 2015 vacatur of his conspiracy conviction is thus also moot, as the sentence itself was imposed on the basis of CCE liability so no recalculation on the basis of the vacatur is necessary.

The Court thus does not reach the second step under Dillon. The Court appreciates that Defendant appears to be somewhat rehabilitated and has committed himself to improving the lives of other inmates. Def.'s Mot. 9-10 & Exs. B, D. But the Court cannot consider these factors because Defendant has failed to prove his eligibility for a sentence reduction under § 1B1.10(a).

## V. CONCLUSION

Defendant's sentence cannot be reduced under 18 U.S.C. § 3582(c)(2) because Amendment 782 "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Accordingly, Defendant's motion must be denied. An appropriate order follows.