IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 91-570-02 |
| v. | : | |
| JAMES COLE | : | |

**O R D E R**

**AND NOW**, this **19th** day of **September, 2022**, upon consideration of Defendant's Motion "All Drugs Minus Two" [ECF No. 703] and the Government's Response in Opposition [ECF No. 706] it is hereby **ORDERED** that Defendant's Motion is **DENIED.** It is further **ORDERED** that:

Defendant's Motion for Leave to File a Reply [ECF No. 707] is **DENIED**;[1]

Defendant's Motion for an Order to Supplement his Initial Motion, docketed at ECF No. 706 [ECF No. 708] is **DENIED**;[2] and

---

[1] Defendant cannot add any argument that would provide grounds to grant his Motion under 18 U.S.C. § 3852(c)(2), as there have been no amendments to the Sentencing Guidelines that would reduce his offense level enough to change the guideline range.

[2] Defendant fails to articulate the facts or law with which he would supplement his Motion. Moreover, as stated above, Defendant does not meet the eligibility requirements for a reduction in sentence as stated in 18 U.S.C. § 3852(c)(2) and the Sentencing Guidelines.

Defendant's Renewed Motion for Leave to File a Reply and to Supplement the Record [ECF No. 710] is **DENIED.**[3]

**AND IT IS SO ORDERED.**

*Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

[3] As explained above, because the Court finds that any reply to the Government's Response would be futile, Defendant's renewed motion for leave to file a reply must be denied. Although Defendant attaches excerpts from at least one case to exemplify the types of "supplements" he proposes, the Court finds that these cases do not support Defendant's Motion. In particular, one excerpt explicitly supports the Court's interpretation of 18 U.S.C. § 3582(c)(2) and the Sentencing Guidelines, that the Court has no authority to reduce a sentence when there is a change in the base offense level but not a corresponding change in the guideline range. Accordingly, Defendant's renewed Motion to Supplement remains futile and must be denied.